**FRANK SMITH & SONS COMPANY et al.,**
Appellants,

v.

**Raymond LLOYD et al., Appellees.**

No. 3866.

Court of Civil Appeals of Texas.

Eastland.

March 20, 1964.

Key, Carr, Carr & Clark, Lubbock, for appellants.

Park, Hemphill & Adams, Snyder, for appellees.

WALTER, Justice.

Raymond Lloyd and wife Leta Lloyd and Carl Gray filed suit against Frank Smith and Sons Company, a Texas corporation, and Frank B. Rejeck for damages as a result of an automobile truck collision. The defendants' pleas of privilege to be sued in McLennan County were overruled. They have appealed contending that plaintiffs failed to show by a preponderance of the evidence that any negligence chargeable to the defendants was a proximate cause of plaintiff's injuries.

Carl Gray, accompanied by his daughter and son-in-law, Mr. and Mrs. Lloyd, was driving his automobile east on United States Highway 180 about six miles west of Snyder when he collided with the rear of a truck owned by said corporation and driven by Rejeck.

Gray testified that he was driving about twenty or twenty-five miles per hour immediately before the collision; that the truck was stopped on the highway when he hit it; that after the collision he got out of his car and went to the truck and saw the truck driver lying underneath the truck; that the truck driver told him that he was out of the truck at the time of the collision.

Answers of the defendant Rejeck to interrogatories propounded under Rule 169, Texas Rules of Civil Procedure, established that he was employed by the corporation and was in the course of his employment at the time of the collision. In reply to an-

other interrogatory the truck driver said that he was travelling east at about eight to fifteen miles per hour at the time of the collision.

Appellees had pleaded and they introduced evidence that the truck was stopped and parked on the highway at the time of the collision. There was a sharp conflict in the evidence, but it was the judge's duty to pass upon the credibility of the witnesses and the weight to be given their testimony and to reconcile such conflicts. We find that appellees established by a preponderance of the evidence that appellants were guilty of negligence in Scurry County and that such negligence was a proximate cause of appellee's injuries.

The judgment is affirmed.